## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**D.M.,**
*individually and as parent and natural*
*guardian of minor child on behalf of C. C.,*

              **Plaintiff,**

       **v.**

**CITY OF COLUMBUS, *et al.*,**

          **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:

**Case No. 2:26-cv-00551**
**Judge Michael H. Watson**
**Magistrate Judge S. Courter M. Shimeall**

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion to Proceed in forma pauperis (ECF No. 2), Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 3), and Plaintiff's Motion to File Exhibits Under Seal (ECF No. 4).  For the following reasons, the Motion to Proceed in forma pauperis is **GRANTED**, the Motion to Proceed Under Pseudonym is **GRANTED**, and the Motion to File Exhibits Under Seal is **GRANTED in part** and **DENIED in part**.

## I.    BACKGROUND

Pro se Plaintiff, D.M., individually and on behalf of her child, C.C., brings this action against the City of Columbus, Columbus Division of Police ("CDP") Detectives Matthew Dunbar and Scott Plate in their individual capacities, Harambee Christian School ("HCS"), HCS Principal Alex Steinman, and HCS employees Olivia Steinman and Devon Jackson.  Plaintiff alleges various violations of federal and state law arising from Defendants' alleged failure to properly investigate and respond to Plaintiff's reports that her child was sexually assaulted while enrolled as a student at HCS.  (ECF No. 1.)

## II.       ANALYSIS

### A.       Motion to Proceed in forma pauperis (ECF No. 2)

Plaintiff, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action in forma pauperis.  (ECF No. 2.)  The Court **GRANTS** Plaintiff's request to proceed in forma pauperis.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).

The Court will conduct an initial screening of the Complaint under 28 U.S.C. § 1915(e)(2) as soon as practicable to determine whether or not any claims are subject to dismissal as frivolous, malicious, failing to state a claim, or because the Complaint seeks monetary relief from a Defendant who is immune from such relief.

### B.       Motion to Proceed Under a Pseudonym (ECF No. 3)

Plaintiff moves to proceed under her and her child's initials (D.M. and C.C., respectively), arguing that this action concerns allegations involving a minor child, and that public disclosure of Plaintiff's name would necessarily identify the minor.  (ECF No. 3, PAGEID # 73.)

Generally, a complaint must state the names of all the parties.  Fed. R. Civ. P. 10(a).  Yet the Court "may excuse [parties] from identifying themselves in certain circumstances."  *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure."  *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001)).  To determine whether a party's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

2

(1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

Here, the factors weigh in favor of permitting Plaintiff and her child to proceed by pseudonym. First, Plaintiff is challenging governmental activity, namely the City of Columbus's failure to train, and Plaintiff names the City of Columbus as a Defendant. The application of the second factor—whether this litigation will disclose information of the utmost intimacy—also favors Plaintiff's request. Here, Plaintiff says this "action concerns allegations involving a minor child." (ECF No. 3, PAGEID #: 73.) Indeed, the Complaint arises from Plaintiff's allegations that Defendants failed to properly investigate the alleged sexual assault of her minor child. (ECF No. 1.) "[F]ederal courts have recognized the privacy interests of alleged sexual assault victims and have held that those privacy interests 'outweigh the presumption in favor of openness.'" *Doe v. Mitchell*, No. 2:20-CV-00459, 2020 WL 6882601, at *5 (S.D. Ohio Nov. 24, 2020) (citation omitted) (collecting cases), *report and recommendation adopted*, No. 2:20-CV-459, 2021 WL 2313436 (S.D. Ohio June 7, 2021).

Concerning the fourth factor, C.C. is a minor. Courts routinely allow minors and their parents to proceed anonymously or under a pseudonym to protect the minor's identity. *See, e.g.*, *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Courts frequently grant protective orders to minors who challenge governmental conduct."); *Doe v. Southfield Pub. Sch.*, No. 24-10760, 2024 WL 1526084, at *2 (E.D. Mich. Apr. 8, 2024) ("Courts frequently permit parents bringing suit on behalf of minors to remain anonymous, to protect the minor's identity."); *see also* Fed. R. Civ. P. 5.2(a)(3).

3

Finally, because the Defendants were involved in the investigation of C.C.'s alleged sexual assault, and the parties can mitigate concerns regarding Plaintiff's and her daughter's identities by entering into protective orders, there is little to no prejudice toward Defendants.

Given the weight of the factors, the balance of the litigants' interests in nondisclosure outweighs the public's right to access court proceedings. Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 3) is **GRANTED**.

### C. Motion to Seal (ECF No. 4)

Much like motions to proceed under a pseudonym, motions for leave to file documents under seal must be considered in the light of the strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd*

4

*Equip. Co., Inc.*, 834 F.3d at 594 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

Here, Plaintiff moves to seal Exhibits A–R and T to her Complaint, arguing that these Exhibits contain "minor-identifying information, child-welfare records, law-enforcement communications, school communications, and sensitive agency correspondence." (ECF No. 4, PAGEID #: 75.) She contends that "[r]edaction is not feasible because the substance of these documents would still reveal the identity of the minor child and other protected information." (*Id.*)

As an initial matter, Plaintiff also submitted a separate document with a list of the exhibits she seeks to seal. To the extent Plaintiff seeks to seal this list, her request is **DENIED**.

Turning to Plaintiff's Exhibits A–R and T. There is a compelling interest in protecting the identity and privacy of minor children. *See* Fed. R. Civ. P. 5.2(a)(3) (allowing parties to use a minor child's initials instead of their full name); *In re Flint Water Cases*, No. 5:17-cv-10164, 2021 WL 2254064, at *1–2 (E.D. Mich. May 20, 2021) ("The Federal Rules of Civil Procedure recognize the privacy interests that minor children have in keeping their names and identifying information from being revealed in court documents."); *Al Maqablh v. Heinz*, No. 3:16-cv-289, 2017 WL 1400591, at *3 (W.D. Ky. Apr. 13, 2017) (allowing documents containing a minor child's name and medical information to be sealed).

Additionally, the Court finds that the public has some interest in this action generally, which concerns Plaintiff's allegations that Defendants, including the City and CDP detectives, failed to adequately respond to the alleged sexual assault of her minor child by other HCS students. "But the public also has an interest in protecting the identifying information of a minor [child]." *Doe v. Teays Valley Loc. Sch. Bd. of Educ.*, No. 2:23-cv-2704, 2024 WL 3841212, at *2 (S.D.

5

Ohio Aug. 15, 2024) (citing *Doe v. Plymouth-Canton Cmty. Sch.*, No. 19-10166, 2021 WL 5541939, at *2 (E.D. Mich. Jan. 12, 2021)).

The Court has reviewed each document *in camera*. Upon review, the Court finds that some, but not all, of the identified Exhibits should be sealed in their entirety.

Exhibits A, B, G, I, and J may be filed under seal in their entirety. Exhibits A and I are C.C.'s medical records. Exhibit B is a scan of HCS's yearbook that contains identifying information of C.C. and other third-party minor children. Exhibit J is a series of Facebook posts by HCS that contains identifying information of third-party minor children. Exhibit G is an email from Plaintiff to CDP identifying the HCS students who allegedly assaulted C.C. Every page of these Exhibits contains C.C.'s medical information, identifying information of C.C., and/or identifying information of other minor children. Given this, the Court finds these Exhibits cannot practically be redacted. *See Deravil v. Jean*, No. CV 2:24-CV-3727, 2025 WL 2903663, at *2 (S.D. Ohio June 4, 2025) (allowing an exhibit to be sealed in its entirety where "[e]very page of [the exhibit] contain[ed] [a minor child's] identifying and medical information").

As to Exhibits C, D, E, F, H, K, L, M, N, O, P, Q, R, and T, however, the Court finds that Plaintiff has not demonstrated why the seal is no broader than necessary. Exhibit C is a series of e-mails between Plaintiff and HCS employees. Exhibit D contains Slack communications between HCS employees. Exhibit E contains communications between HCS board members. Exhibit F is an exchange of texts between Detective Dunbar and Principal Steinman. Exhibit H is a letter from Detective Dunbar to Plaintiff. Exhibit K is a property receipt from CDP signed by Plaintiff. Exhibits L, M, N, O, P, Q, and T, are emails between Plaintiff and various local, state, and federal entities.

6

While these Exhibits contain Plaintiff's full name, identifying information of C.C., and/or identifying information of other third-party minor children, the identifying information is not so pervasive throughout the Exhibits to render infeasible the use of other, narrower, means of protecting the sensitive information therein (e.g., partial redaction).  And the fact that some of these Exhibits contain communications with various local, state, and federal agencies does not, by itself, warrant sealing them in their entirety.  Likewise, the fact that these Exhibits discuss Plaintiff's allegations of C.C.'s sexual assault is insufficient, by itself, as a basis to seal.  *See Shane Grp.*, 825 F.3d at 308 ("'[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the ***name*** of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." (emphasis added) (citation omitted)).  Further, while the Court acknowledges that these Exhibits address sensitive subjects, at least some of the detail they contain is substantively indistinguishable from the factual allegations in the complaint, which was not filed under seal.

Finally, Exhibit R is a compilation of three records.  Page one of Exhibit R is a letter from HCS's counsel to Plaintiff's prior counsel; this page of Exhibit R is not protected by the attorney-client privilege and does not otherwise contain information that warrants sealing.

Page 2 of Exhibit R is the same letter from Detective Dunbar to Plaintiff as Exhibit H with the addition of handwritten notes.  As discussed above, to the extent this letter contains the identifying information of C.C., there is a compelling interest in protecting that information, but Plaintiff has not demonstrated why narrower means (such as redaction) are insufficient to protect it.

7

Page three of Exhibit R is a letter from Plaintiff's prior counsel to Plaintiff terminating their representation of Plaintiff.  Page three of Exhibit R, therefore, is protected by the attorney-client privilege and may be redacted in its entirety.  *See Tera II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-2221, 2022 WL 1114943, at *12 (S.D. Ohio Apr. 14, 2022) ("The attorney-client privilege is a recognized privilege that gives rise to a compelling interest in sealing.").

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed in forma pauperis (ECF No. 2) and Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 3) are **GRANTED**.

Plaintiff's Motion to File Exhibits Under Seal (ECF No. 4) is **GRANTED in part** and **DENIED in part** subject to the following directives.

Plaintiff is **GRANTED** leave to file under seal Exhibits A, B, G, I, and J.

Plaintiff's Motion is **DENIED without prejudice** as to Exhibits C, D, E, F, H, K, L, M, N, O, P, Q, R, and T.  The Court gives Plaintiff two options for proceeding with these Exhibits:

1. If she continues to seek to file one or more of these Exhibits under seal in their entirety, Plaintiff may file a supplemental motion to seal explaining for each Exhibit she seeks to seal why the use of other, narrower means, such as redaction, is not feasible to protect the sensitive information therein.  Any such motion must be filed **within thirty (30) days** of this Order.

2. Alternatively, Plaintiff may submit proposed redacted versions of these Exhibits that redact only: (1) Plaintiff's full name (leaving first and last initials visible); (2) her child's full name (leaving first and last initials visible); and (3) the names of other minor children (leaving first and last initials visible).  With respect to Exhibit R, Plaintiff may also redact page three of Exhibit R.  If Plaintiff selects this option, she may retrieve the physical copies of the Exhibits that she initially submitted from the Clerk and re-submit them with her proposed redactions.  If Plaintiff lacks access to redaction software (e.g., Adobe Acrobat), a sharpie used to "black out" the protected information will suffice.  Any such proposed redacted Exhibits must be submitted to the Court for in camera inspection **within thirty (30) days** of this Order.

In accordance with the above, the Clerk is **DIRECTED** to retain on file the physical copies of Plaintiff's Exhibits C, D, E, F, H, K, L, M, N, O, P, Q, R, and T.

8

To the extent Plaintiff seeks to seal the separate list of exhibits, that request is **DENIED**. The Clerk is **DIRECTED** to file this document on the public docket.

The Clerk is **DIRECTED** to file Plaintiff's Exhibits A, B, G, I, and J on the docket under **PERMANENT SEAL**.  The Clerk is further **DIRECTED** to file Exhibits C, D, E, F, H, K, L, M, N, O, P, Q, R, and T under **TEMPORARY SEAL**.  Plaintiff is **CAUTIONED** that, with respect to Exhibits C, D, E, F, H, K, L, M, N, O, P, Q, R, and T, failure to file a properly supported supplemental motion to seal and/or properly redacted versions of these Exhibits in accordance with the Court's directions above may result in the Court striking these Exhibits for failure to comply with this Order and Federal Rule of Civil Procedure 5.2.

**IT IS SO ORDERED.**

/s/ S. Courter M. Shimeall
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

9