## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**D.M.,**
*individually and as parent and natural*
*guardian of minor child on behalf of C. C.,*

          **Plaintiff,**

    **v.**

**CITY OF COLUMBUS, *et al.*,**

          **Defendants.**

:
:
:
:
:
:
:
:
:
:
:

**Case No. 2:26-cv-00551**
**Judge Michael H. Watson**
**Magistrate Judge S. Courter M. Shimeall**

## OPINION & ORDER

In its Order granting in part and denying in part Plaintiff's motion to seal several exhibits, the Court gave Plaintiff two options for proceeding with Exhibits C, D, E, F, H, K, L, M, N, O, P, Q, R, and T: (1) file a properly supported supplemental motion to seal for each Exhibit she seeks to seal in its entirety; or (2) submit proposed redacted versions of the Exhibits to the Court for *in camera* inspection.  (ECF No. 6.)  This matter is before the Court on Plaintiff's Supplemental Motion to Seal (ECF No. 10) and the redacted exhibits she submitted for *in camera* inspection. Also pending before the Court are Plaintiff's Motion to Seal Exhibits U, U1, V, and X (ECF No. 11), Motion to Preserve Evidence (ECF No. 13), and Motion for Leave to File the Second Amended Complaint (ECF No. 14).

For the following reasons, Plaintiff's Motion for Leave to File the Second Amended Complaint (ECF No. 14) is **GRANTED**.  Plaintiff's Supplemental Motion to Seal (ECF No. 10) is **GRANTED in part** and **DENIED in part**.  Plaintiff's Motion to Seal Exhibits U, U1, V, and

X (ECF No. 11) is **GRANTED in part** and **DENIED in part**.  Plaintiff's Motion to Preserve Evidence (ECF No. 13) is **DENIED without prejudice**.

## I.     BACKGROUND

Pro se Plaintiff, D.M., individually and on behalf of her child, C.C., brings this action against the City of Columbus, Urban Concern, Inc., Columbus Division of Police ("CPD") Detectives Matthew Dunbar and Scott Plate in their individual capacities, City of Columbus Department of the Inspector General Inspector Larry Ferguson in his individual capacity, Harambee Christian School ("HCS"), HCS Principal Alex Steinman, and HCS employees Olivia Steinman and Devon Jackson.  Plaintiff alleges various violations of federal and state law arising from Defendants' alleged failure to properly investigate and respond to Plaintiff's reports that her child was sexually assaulted while enrolled as a student at HCS.

## II.     ANALYSIS

### A.     Motion for Leave to File the Second Amended Complaint (ECF No. 14)

For good cause shown, Plaintiff's Motion (ECF No. 14) is **GRANTED** pursuant to Federal Rule of Civil Procedure 15(a)(2).  The Clerk is **DIRECTED** to file Plaintiff's Second Amended Complaint (ECF No. 14-1) on the docket.

### B.     Supplemental Motion to Seal (ECF No. 10)

Plaintiff represents in her Supplemental Motion to Seal that she seeks to file redacted versions of Exhibits Q and T and that Exhibits C, D, E, F, H, K, L, M, N, O, P and R should be sealed in their entirety.  (ECF No. 10.)  The Court notes, however, that Plaintiff submitted redacted versions of all the Exhibits for *in camera* inspection.

Motions for leave to file documents under seal must be considered in the light of the strong presumption in favor of public access to judicial records.  *Stanley v. Turner Oil & Gas Properties,*

*Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017).  The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed."  *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).  The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).  These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public."  *Rudd Equip. Co., Inc.*, 834 F.3d at 594 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

Here, as to Exhibits Q and T, Plaintiff represents that she redacted Exhibits Q and T to remove all personal identifying information and all minor-related content.  (ECF No. 10, PAGEID #: 406.)  The Court previously directed Plaintiff to redact only: (1) Plaintiff's full name (leaving first and last initials visible); (2) her child's full name (leaving first and last initials visible); and (3) the names of other minor children (leaving first and last initials visible).  (ECF No. 6.)  The Court finds that Plaintiff's redactions comply with the Court's directions and are no broader than necessary.

As to Exhibits C, D, E, F, H, K, L, M, N, O, P and R, the Court finds that Plaintiff has not provided sufficient justification to seal these Exhibits in their entirety.  Plaintiff primarily argues

3

that these exhibits discuss Plaintiff's allegations of C.C.'s sexual assault or contain communications with various local, state, and federal agencies.  But as the Court previously explained in its Opinion & Order on Plaintiff's original Motion to Seal:

> [T]he fact that some of these Exhibits contain communications with various local, state, and federal agencies does not, by itself, warrant sealing them in their entirety. Likewise, the fact that these Exhibits discuss Plaintiff's allegations of C.C.'s sexual assault is insufficient, by itself, as a basis to seal.  *See Shane Grp.*, 825 F.3d at 308 ("'[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the ***name*** of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." (emphasis added)) (citation omitted).  Further, while the Court acknowledges that these Exhibits address sensitive subjects, at least some of the detail they contain is substantively indistinguishable from the factual allegations in the complaint, which was not filed under seal.

(ECF No. 6.)  Thus, Plaintiff's arguments fail for the same reason here.

Plaintiff further contends with respect to Exhibits C, D, E, F, H, K, L, M, N, O, P and R that "[r]edaction would require removing the vast majority of the document, rendering it unintelligible" and thus "redaction is not a feasible narrower alternative."  (ECF No. 10.)  The Court has reviewed the redacted versions of Exhibits C, D, E, F, H, K, L, M, N, O, P and R and finds that Plaintiff's redactions do not render the documents unintelligible.  To the contrary, the Court finds that Plaintiff's redactions comply with the Court's redaction directions and are no broader than necessary.

Finally, the Court notes that Plaintiff's proposed redacted version of Exhibit R does not redact page three of Exhibit R in its entirety.  The Court previously explained that page three of Exhibit R is a letter from Plaintiff's prior counsel to Plaintiff terminating their representation of Plaintiff and, therefore, is protected by the attorney-client privilege and may be redacted in its entirety. (ECF No. 6.)  As discussed below, the Court will give Plaintiff one more chance to redact page three of Exhibit R if she chooses.

### C. Motion to Seal Exhibits U, U1, V, and X (ECF No. 11)

Plaintiff moves to seal Exhibits U, U1, V, and X in their entirety, arguing that these Exhibits "contain sensitive information involving a minor child, confidential investigative communications, and personally identifying information of non-parties." (ECF No. 11, PAGEID #: 408.)  The Court has reviewed each Exhibit *in camera*.  With respect to Exhibits U and X, the Court notes that Plaintiff only submitted redacted versions of these Exhibits.

First, Plaintiff represents that Exhibit U is a screenshot of a voicemail with a CPD Detective.  She contends that Exhibit U includes "identifying information and investigative details that cannot be redacted without impairing the exhibit." (ECF No. 11, PAGEID #: 408.)  But as the Court discussed above, the mere the fact that this Exhibit discusses Plaintiff's allegations of C.C.'s sexual assault is insufficient, by itself, as a basis to seal.  *See Shane Grp.*, 825 F.3d at 308.  As to the identifying information, the redacted version of Exhibit U Plaintiff submitted appears to redact out the personally identifying information.  The Court finds that Plaintiff's redactions do not render Exhibit U unintelligible and are no broader than necessary.

Second, Exhibit X contains Ohio educator credential records for Harambee Christian School staff.  Plaintiff contends that Exhibit X should be sealed because it includes "names, credential numbers, expiration dates, and other personally identifying information of non-party individuals." (ECF No. 11, PAGEID #: 409.)  The Court notes that two of the educator credentials in Exhibit X are for parties to this case, HCS Principal Alex Steinman and HCS employee Olivia Steinman.  While the remaining educator credentials in Exhibit X are for non-parties to this lawsuit, Plaintiff has put the credentials of these educators directly at issue in support of her Second Amended Complaint, which includes, among other claims, a claim for Negligent Hiring, Retention, Supervision, and Training.  (*See* ECF No. 14-1, PAGEID #: 440–42.)  "Therefore, this is not an instance where the documents at issue appear to have little or no bearing on the issues in

5

a case. Consequently, the public's interest in accessing them is not minimal." *Midwest Motor Supply Co. v. Nietsch*, No. 2:22-CV-4049, 2025 WL 2945127, at *3 (S.D. Ohio Oct. 17, 2025). Plaintiff contends that "[r]edaction is not feasible because the sensitive information is intertwined with the content necessary for the Court's review." (ECF No. 11, PAGEID #: 409.)  The redacted version of Exhibit X Plaintiff submitted, however, redacts out the credential numbers for each of the individual educators.  The Court finds that Plaintiff's redactions to Exhibit X adequately address the third-party privacy concerns and are no broader than necessary.

Second, Plaintiff submitted Exhibits U1 and V via flashdrive.  Accordingly, the Court construes Plaintiff's Motion (ECF No. 11) as containing a request to file exhibits manually and, so construed, **GRANTS** the request.  As to Plaintiff's request to seal Exhibits U1 and V, Plaintiff represents that Exhibits U1 is an audio recording of a voicemail that contains "identifying information" and that Exhibit V is a "recorded intake call between Plaintiff and [Inspector Ferguson]" that contains "minor-identifying information, investigative details, and sensitive statements regarding the child's disclosures." (*Id.* at PAGEID #: 408–09.)  The Court concludes that Exhibit U1 and V should be sealed in their entirety because they contain identifying information of Plaintiff and her minor child.  Further, there are no narrower means for *pro se* Plaintiff to protect the sensitive information because Exhibits U1 and V are audio recordings and cannot be redacted.

### D.     Motion to Preserve Evidence (ECF No. 13)

Plaintiff's Motion to Preserve Evidence (ECF No. 13) is **DENIED without prejudice**.  At minimum this Motion is premature as discovery has not begun in this action.  Moreover, "a party to civil litigation has a duty to preserve relevant information, including ESI, when that party 'has notice that the evidence is relevant to litigation or . . . should have known that the evidence may

6

be relevant to future litigation."' *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (citation omitted).  Nor has Plaintiff alleged any facts suggesting evidence is at any special risk of loss absent a court order.  *Id.*  ("[B]ecause all litigants are obligated to preserve relevant information in their possession, preservation orders generally must be premised on a demonstration that a real danger of evidence destruction exists, a lack of any other available remedy, and a showing that the preservation order is an appropriate exercise of the court's discretion." (quoting The Sedona Principles: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, Second Edition 33)).

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File the Second Amended Complaint (ECF No. 14) is **GRANTED**.  Plaintiff's Motion to Preserve Evidence (ECF No. 13) is **DENIED without prejudice**.

Plaintiff's Supplemental Motion to File Exhibits Under Seal (ECF No. 10) is **GRANTED in part** and **DENIED in part** subject to the following directives.

Plaintiff is **GRANTED** leave to file redacted versions of Exhibits Q and T.  The Clerk is **DIRECTED** to file the redacted versions of Exhibits Q and T on the public docket.  The unredacted versions of Exhibits Q and T **SHALL** remain under permanent seal.

To the extent Plaintiff seeks to seal Exhibits C, D, E, F, H, K, L, M, N, O, P, and R in their entirety, her request is again **DENIED without prejudice**.  To the extent she seeks leave to file the redacted versions of Exhibits C, D, E, F, H, K, L, M, N, O, P and R, her request is **GRANTED**.  With respect to Exhibit R, Plaintiff may still submit a further redacted version of Exhibit R that redacts page three of Exhibit R.  Alternatively, if Plaintiff still seeks to seal one or more of these Exhibits in their entirety, she may have one more opportunity to file a supplemental motion to seal

7

explaining for each Exhibit she seeks to seal why the use of other, narrower, means, such as redaction, is not feasible to protect the sensitive information therein.  Any such motion must be filed **within thirty (30) days** of this Order.  If Plaintiff does not file a supplemental motion to seal with respect to these Exhibits by the deadline, the Clerk **SHALL** file the redacted versions of Exhibits C, D, E, F, H, K, L, M, N, O, P, and R on the public docket and the unredacted versions shall remain under permanent seal.  In the meantime, these Exhibits shall remain under temporary seal.

Plaintiff's Motion for Leave to File Manual Exhibits U1 and V is **GRANTED**.  Plaintiff's Motion to Seal Exhibits U, U1, V, and X (ECF No. 11) is **GRANTED in part** and **DENIED in part** subject to the following directives.

To the extent Plaintiff requests to seal Exhibits U1 and V in their entirety, her request is **GRANTED**.  Exhibits U1 and V **SHALL** remain under **PERMANENT SEAL**.

To the extent Plaintiff requests to seal Exhibits U and X in their entirety, her request is **DENIED**.  To the extent she seeks leave to file the redacted versions of Exhibits U and X, her request is **GRANTED**.  Alternatively, if Plaintiff still seeks to seal Exhibit U and/or X in their entirety, she may file a supplemental motion to seal explaining for each Exhibit she seeks to seal why the use of other, narrower means, such as redaction, is not feasible to protect the sensitive information therein.  Any such motion must be filed **within thirty (30) days** of this Order.  If Plaintiff does not file a supplemental motion to seal with respect to Exhibits U and X by the deadline, the Clerk **SHALL** file the redacted versions of Exhibits U and X on the public docket and Plaintiff **SHALL** file unredacted versions of Exhibits U and X with the Court.  In the meantime, the Clerk is **DIRECTED** to file Exhibits U and X under **TEMPORARY SEAL**.

**IT IS SO ORDERED.**

8

/s/ S. Courter M. Shimeall
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**